# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER LEE CALZADA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 19-10039-DJC

## ORDER

**CASPER, J.**                                                          **January 10, 2019**

Plaintiff Christopher Lee Calzada, who is confined at Bridgewater State Hospital and represents himself *pro se*, has filed a document, D. 1, captioned as a criminal complaint by the United States against the Commonwealth of Massachusetts.  For the reasons set forth below, the Court will dismiss this action without prejudice.

Calzada purports to bring criminal charges on behalf of the United States under various Massachusetts statutes, identifying several alleged offenses including capital murder, false imprisonment, stolen property, forced medication, violation of due process and illegal use of force.  On the second page of the document, which bears the title "Statement of Facts in Support of Application for Criminal Complaint," Calzada claims that he has been tortured and injected with medication against his will.  He further alleges that his personal property has been stolen and that he "was princed in 1993 and was given the deed to all 13 colonies first before it was United States."

The Court must dismiss this action because federal law does not provide a mechanism by which a private citizen can petition the court to commence a criminal prosecution.  See Cok v.

Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("noting that [g]enerally, a private citizen has no authority to initiate a federal criminal prosecution"); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").[1]

For the foregoing reasons, the Court orders that this action be DISMISSED without prejudice.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[1] In contrast, under Massachusetts law, a private citizen may apply for a criminal complaint.  See M.G.L. c. 218, §§ 32-35A.